NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ANGEL VELEZ VELASQUEZ,<br><br>     Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>     Respondent. | No. 17-70380<br><br>Agency No. A076-737-409<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2021**

Before: GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

 Jose Angel Velez Velasquez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

---

  * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review for abuse of discretion the denial of a continuance, *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009), and we review de novo claims of due process violations in immigration proceedings, *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Velez Velasquez's inconsistent statements about whether his family reported his cousin's son's murder to the police and whether his cousin knew gang members, his omission of departures from the United States, and other implausible, non-responsive, and evasive testimony. *See Shrestha*, 590 F.3d. at 1048 (adverse credibility determination reasonable under "the totality of circumstances"). Velez Velasquez's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Substantial evidence also supports the agency's finding that Velez Velasquez did not present documentary evidence that would otherwise establish his eligibility for relief. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (petitioner's documentary evidence was insufficient to independently support claim). Thus, in the absence of credible testimony, in this

case, Velez Velasquez's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Velez Velasquez's CAT claim because it was based on the same evidence found not credible, and Velez Velasquez does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Shrestha*, 590 F.3d at 1048-49.

The agency did not abuse its discretion in concluding Velez Velasquez failed to show good cause for a continuance. *See* 8 C.F.R. § 1003.29; *Ahmed*, 569 F.3d at 1012 (listing factors to consider in reviewing the denial of a continuance).

Velez Velasquez's contention that the agency's denial of a continuance violated his right to due process fails. *See Lata*, 204 F.3d at 1246 (requiring error to prevail on a due process claim).

We lack jurisdiction to review Velez Velasquez's contentions concerning the IJ's consideration of the government's evidence of a 2003 reentry and alleged bias against him. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction over claims not raised to agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**